**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**Jose David MENDOZA, Defendant–Appellant.**

No. 99–50750.
D.C. No. CR–99–00857–WBE.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 2001.

Decided March 2, 2001.

Before TROTT, THOMAS, and BERZON, Circuit Judges.

## MEMORANDUM *

Jose David Mendoza appeals his conviction for conspiracy to distribute metham-

phetamine, in violation of 21 U.S.C. § 846 and 841, and for possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841. We affirm. The facts are familiar to the parties, so we will not recount them here except as necessary to explain our decision.

### I. *Ineffective assistance of counsel*

■ As a general rule, we do not consider ineffective assistance claims on direct appeal, because such claims typically require development of facts outside the record. *United States v. Karterman,* 60 F.3d 576, 579 (9th Cir.1995). We may, however, consider such claims where the record is sufficiently complete to allow us to decide the issue. *United States v. Oplinger,* 150 F.3d 1061, 1071 (9th Cir.1998).

■ This is not such a case. To prevail, Mendoza would have to show both that some action or omission by his counsel fell outside the wide range of professional competence and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Johnson v. Baldwin,* 114 F.3d 835, 837–38 (9th Cir.1997).

The record before us establishes that there was no prejudice due to counsel's failure to ensure Mrs. Mendoza's absence during the testimony of other witnesses. Moreover, the record is entirely devoid of any evidence concerning why Mrs. Mendoza failed to take the stand when called and what she would have said had she testified. In light of these vacuums in the record, we have no basis whatever for determining that Mendoza's counsel was deficient or, if

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

so, that any deficiency prejudiced Mendoza. Thus, Mendoza's ineffective assistance of counsel claim fails on direct appeal.

## II. *Evidence of Mendoza's attack on Kirtley*

Evidence of a defendant's assault on a witness who has or may testify against him is probative of consciousness of guilt, where the circumstances permit the inference that the attack was intended to retaliate for the witness's cooperation or to discourage future cooperation. *United States v. Castillo*, 615 F.2d 878, 885 (9th Cir.1980). From the testimony about Mendoza's attack on Kirtley, and from Mendoza's comments to Kirtley and others that he attacked Kirtley because Kirtley "ratted him out," the jury could reasonably have inferred that the attack was in retaliation for Kirtley's cooperation with the DEA and the prosecution, or that Mendoza was seeking to discourage further cooperation. Of course, the jury could have chosen instead to believe Mendoza's testimony that he was angry with Kirtley for having framed him, but the choice among these rival interpretations of the assault was appropriately left to the jury.

Nor has Mendoza demonstrated plain error in the district court's refusal to exclude the evidence under Federal Rule of Evidence 403. *See United States v. Matthews*, 226 F.3d 1075, 1081–82 (9th Cir. 2000). Balancing under Rule 403 requires consideration of whether the danger of unfair prejudice "substantially outweighed" the probative value of the evidence. *United States v. McInnis*, 976 F.2d 1226, 1231 (9th Cir.1992). Although the evidence was undoubtedly somewhat prejudicial inasmuch as it revealed that Mendoza was capable of violence, we see no reason to believe that any prejudice was unfair—that is, that the evidence had "an undue tendency to suggest decision on an improper basis." *Id. (quoting* Fed. R.Evid. 403 advisory committee notes). Moreover, the potential prejudice did not "substantially outweigh" the clear probative value of the evidence. *Id.* Thus, it was not plain error to admit the testimony.

## III. *Federal gratuity statute*

Mendoza argues that the government violated 18 U.S.C. § 201(c)(2) by trading leniency for witness testimony. We have previously rejected this precise claim. *United States v. Smith*, 196 F.3d 1034, 1038 (9th Cir.1999).

AFFIRMED.